UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  vs.<br><br>STEVEN STEELE,<br>TERRY GOINGS, III, a/k/a BABY T,<br>JEROME WARRIOR and<br>CALMER COTTIER,<br><br>               Defendants. | CR. 15-50151-JLV<br><br>ORDER GRANTING CONTINUANCE |

On December 15, 2015, the government filed an indictment against Steven Steele, Terry Goings, III, Jerome Warrior and Calmer Cottier charging the defendants with the offense of second degree murder. (Docket 1). On December 23, 2015, the court entered a scheduling and case management order. (Docket 43). On December 28, 2015, Mr. Warrior filed a motion for a continuance. (Docket 51). Mr. Steele filed an objection to the motion indicating he did not consent to waive his rights to a speedy trial under either the Sixth Amendment to the United States Constitution or the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (Docket 53). The government has no objection. Defendants Mr. Goings and Mr. Cottier filed no objections and the time to do so has expired.

## DISCUSSION

"Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another." United States v. Williams, 557 F.3d 943, 948 (8th Cir. 2009) (citation and internal quotation marks omitted). Accordingly, the court shall address each right separately.

A defendant's Sixth Amendment right to a speedy trial " 'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.' " United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (quoting United States v. McGhee, 532 F.3d 733, 739 (8th Cir. 2008)). The Sixth Amendment does not specify a time limit in which an accused must be brought to trial. See U.S. Const. amend. VI.

Because of the "vague" nature of the Sixth Amendment right, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case[.]" Barker v. Wingo, 407 U.S. 514, 522 (1972). To assist courts in evaluating speedy trial claims, the Barker Court established a four-factor balancing test "in which the conduct of both the prosecution and the defendant are weighed." Id. at 530. These factors are the length of the delay, the reason for the delay, the defendant's assertion of his right to speedy trial, and the prejudice to the defendant. Id. Because the "length of the delay is to some extent a triggering mechanism[,]" courts need not inquire into the remaining factors "[u]ntil there is some delay which is presumptively prejudicial[.]" Id.; see also United States v. Chahia, 544 F.3d 890, 898 (8th Cir. 2008) ("With respect to the first factor, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. . . . [I]f the length of the delay is not presumptively prejudicial, [courts] need not examine the other criteria.") (citations and internal quotation marks omitted). However, "because of the imprecision of the right to speedy trial, the length of delay that will

provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Barker, 407 U.S. at 530-31.

Because the indictment in this case was just filed on December 15, 2015, the court finds none of the Barker Court factors warrant detailed analysis. The court finds the delay in bringing defendants to trial is not presumptively prejudicial. At this time, the court finds no violation of any of the defendants' Sixth Amendment rights to speedy trial.

The Speedy Trial Act requires a defendant to be brought to trial within 70 days of his indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1); Williams, 557 F.3d at 950. However, the Act describes periods of delay that "shall be excluded in computing the time within which . . . the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h). Granting the continuance requested by Mr. Warrior is excluded from the speedy trial calculation. 18 U.S.C. § 161(h)(7)(A).

Pursuant to § 3161(h)(7)(A), the court finds the ends of justice served by continuing the trial outweigh the best interests of the public and the defendants in a speedy trial. A continuance of the trial is reasonable and necessary given the seriousness and complexity of the case. In accord with the above discussion, the court overrules the objection to Mr. Warrior's motion to continue. Good cause appearing, it is

ORDERED that Mr. Warrior's motion to continue (Docket 51) is granted and the following deadlines shall apply to all parties:

| | |
|---|---|
| Suppression/voluntariness motions | April 12, 2016 |
| Responses to motions due | Within seven days after motion is filed |
| Subpoenas for suppression hearing | Ten days prior to suppression hearing |
| Suppression/voluntariness hearing before Judge Daneta Wollmann[1] | If necessary, to be held prior to April 26, 2016 |
| Applications for Writ of Habeas Corpus Ad Testificandum | April 29, 2016 |
| Other motions/continuance motions | April 29, 2016 |
| Responses to motions due | Within seven days after motion is filed |
| Subpoenas for trial | May 6, 2016 |
| Plea agreement or petition to plead and statement of factual basis | May 6, 2016 |
| Notify court of status of case and file a joint notice of speedy trial calculation | May 6, 2016 |
| Motions *in limine* | May 6, 2016 |
| Proposed jury instructions due | May 6, 2016 |
| Response to motions *in limine* and proposed jury instructions due | May 11, 2016 |
| Pretrial conference | Monday, May 16, 2016 at 9 a.m. |
| Jury Trial | Tuesday, May 24, 2016 at 9 a.m. |

---

[1] If a suppression hearing is set, an order will be entered vacating all subsequent dates to allow the court time to resolve the motion.   Upon resolution of the motion, a new scheduling order will be entered.

The period of delay resulting from this continuance is excluded in computing the time within which trial of the case must commence. 18 U.S.C. § 3161(h)(7)(A).

Defense counsel must file with the clerk within fourteen (14) days of this order a written consent to the continuance and waiver of the Speedy Trial Act signed by each non-objecting defendant.

All other provisions of the court's scheduling and case management order (Docket 43) remain in effect unless specifically changed.

Dated January 15, 2016.

> BY THE COURT:
>
> /s/ *Jeffrey L. Viken*
> JEFFREY L. VIKEN
> CHIEF JUDGE